UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES R. ROWE, ) | |
| ) | |
| Petitioner, ) | CASE NO.  C05-1219-MJP-MJB |
| ) | (CR98-315-MJP) |
| v. ) | |
| ) | REPORT AND |
| UNITED STATES OF AMERICA, ) | RECOMMENDATION |
| ) | |
| Respondent. ) | |
| _____ ) | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently confined at the FCI Bennetsville, in Bennetsville, South Carolina.  Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  The government has filed a response, raising the statute of limitations as a bar to the Court's consideration of petitioner's motion.  Because the government is correct in its arguments, petitioner's motion should be dismissed as untimely.

### PROCEDURAL HISTORY

On December 19, 2001, Petitioner pleaded guilty, pursuant to two separate plea agreements, to charges of being a felon in possession of a firearm, false impersonation of

REPORT AND RECOMMENDATION
Page - 1

a federal agent, false statement in obtaining a firearm, and three counts each of bank fraud, wire fraud, and interstate transportation of property stolen or obtained by fraud. *See* CR98-315-MJP, Dkt. #15 and CR01-275-MJP, Dkt. #18. He was sentenced to a total term of 150 months imprisonment to run consecutively to other undischarged terms of imprisonment, including two cases out of San Diego Superior Court. CR98-315-MJP, Dkt. #28 at 3. Petitioner did not file an appeal in either case. On July 11, 2005, petitioner filed the instant motion for relief under § 2255. Dkt. #1. The government filed a timely response (Dkt. #13); petitioner has not filed a reply.

## DISCUSSION

Petitioner raises the following grounds for relief in his § 2255 motion: (a) ineffective assistance of counsel; (b) his plea was not voluntary and was not made with understanding of the full consequences of his plea; (c) the sentencing court added enhancements to his base offense level that were not proven by a jury, in violation of the Sixth Amendment under *Blakely v. Washington*, 124 S.Ct. 2531 (2004)[1] and *United States v. Booker*, 125 S.Ct. 738 (2005); (d) he was not accorded the right of allocution; and (e) the schedule of restitution payments has been improperly delegated to the Bureau of Prison ("B.O.P."). In response, the government argues that petitioner's motion is untimely and therefore barred from review.

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This one-year statute of limitations begins to run from the latest of –

(1)   the date on which the judgment of conviction became final;

---

[1] Although petitioner cites *Blakely*, that case applies only to the Washington state sentencing scheme, not the federal sentencing guidelines under which petitioner was sentenced.

REPORT AND RECOMMENDATION
Page - 2

> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)   the date on which the facts support the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner does not dispute that he filed the instant § 2255 motion more than one year after his conviction became final. Rather, in arguing that the *Booker* decision should be applied retroactively, he relies upon subsection (3), as set forth above, which is effectively an exception to the general one-year limit set forth in subsection (1). This exception essentially has two conditions that must be satisfied before it applies. First, petitioner must show that he filed the § 2255 motion within one year from the date that the Supreme Court announced any "newly recognized" rights that are the basis of the motion. Second, petitioner must show that the Supreme Court made these rights "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3).

It is undisputed that petitioner filed his § 2255 motion in July, 2005, which is less than one year from when the Supreme Court decided *Booker* in January, 2005. However, the Supreme Court has been silent as to whether *Booker* applies retroactively. The Ninth Circuit – and all other circuits that have considered the question – has held that *Booker* does not apply retroactively to cases on collateral review where the conviction was final as of the date of *Booker's* publication. *See Schardt v. Payne*, 414 F.3d 1025, 1027 (9th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005). Thus, petitioner fails to satisfy the second prong of the exception and his § 2255 motion is therefore untimely.

REPORT AND RECOMMENDATION
Page - 3

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is barred by the applicable statute of limitations and should be dismissed. A proposed order is attached to this Report and Recommendation.

DATED this 14th day of August, 2006.

MONICA J. BENTON
United States Magistrate Judge